IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ROBIN BROWN BRAY,             )<br>                                              )<br>    Plaintiff,                            )<br>                                              )<br>v.                                         )<br>                                              )<br>                                              )<br>HOUSTON COUNTY BOARD OF   )<br>EDUCATION; DR. MARIANNE MELNICK, )<br>sued in her official capacity as Chairman of the )<br>Houston County Board of Education; and    )<br>DR. MARK SCOTT, sued in his official capacity )<br> as Superintendent of Houston County Schools,  )<br>                                              )<br>    Defendants.                       ) | CIVIL ACTION NUMBER:  5:14-cv-230-MTT<br>JURY DEMAND |

# COMPLAINT

I.   INTRODUCTION

This is an action alleging disability discrimination in violation of Title I and II of the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12101 et seq., and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 et seq. ("§ 504"), brought by Plaintiff Robin Brown Bray against Defendants, Houston County Board of Education ("Houston County Board"), Dr. Marianne Melnick ("Melnick"), Chairman, in her official capacity, and Dr. Mark Scott ("Scott"), Superintendent, in his official capacity.   Plaintiff brings her claims for Violations of Title I of the Americans with Disabilities Act through 42 U.S.C. § 1983 against Dr. Marianne Melnick, in her official capacity as Chairman of the Houston County Board of Education, and against Dr. Mark

1

Scott, in his official capacity as Superintendent of Houston County Schools for the Houston County Board of Education.   Plaintiff is seeking injunctive relief pursuant to Title II of the American's with Disabilities Act against the Houston County Board of Education.   Plaintiff is seeking injunctive, equitable and monetary relief pursuant to the Rehabilitation Act of 1974, § 504, against the Houston County Board of Education.

## II. JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 12117, 28 U.S.C. § 1331 and 42 U.S.C. § 1983.   The jurisdiction of this court is invoked to secure protection of and redress deprivation of rights secured by the Americans With Disabilities of Act 1990, as amended, 42 U.S.C. Section 12101, *et seq*. and § 504 providing for injunctive and other relief against employment discrimination.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C. § 12117.   Plaintiff timely filed her charge of discrimination within 180 days of occurrence of the last discriminatory act.   Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the Equal Employment Opportunity Commission.

## II. PARTIES

3. Plaintiff, Robin Brown Bray (hereinafter "Plaintiff") is a citizen of the United States and a resident of the State of Georgia.

4. Defendant, Houston County Board of Education (hereinafter "Houston County Board" or "Defendant") is an employer pursuant to 42 U.S.C. § 12111(5), a public entity pursuant to 42 U.S.C. § 12131(1) and is doing business in the State of

Georgia.

5. Defendant, Dr. Marianne Melnick ("Melnick"), is the Chairman of the Houston County Board of Education. Plaintiff is seeking injunctive relief against Melnick, who is sued in her official capacity as Chairman of the Houston County Board of Education.

6. Defendant, Dr. Mark Scott ("Scott"), is the Superintendent of Houston County Schools for the Houston County Board of Education. Plaintiff is seeking injunctive relief against Scott, who is sued in his official capacity as Superintendent of Houston County Schools for the Houston County Board of Education.

### III. FACTUAL ALLEGATIONS

7. The plaintiff re-alleges and incorporates by reference paragraphs 1-6 above with the same force and effect as if fully set out in specific detail hereinbelow.

8. The plaintiff was hired by Defendant on or about November 4, 1998 as a Preschool Special Education Teacher at first Pearl Stephens Elementary and then Lake Joy Elementary, two of the Defendant's school facilities.

9. In 2010, the plaintiff was transferred to the Elberta Center to become an Early Intervention Specialist with the Child Find Program.

10. On September 12, 2012, the plaintiff became ill at work because of her disability, asthma and allergies, after being overwhelmed by dust generated from repairs to the HVAC system and having an anaphylactic episode related to the dust and was taken by ambulance to the hospital and hospitalized for a couple of days. Plaintiff returned to work after being treated for anaphylactic shock and released by

the hospital and her doctor. During the first week of October 2012, Plaintiff again became very sick because of her disability, asthma and allergies, as work on the HVAC system continued. Plaintiff was hospitalized again from October 10, 2012 to October 12, 2012 for continued respiratory issues by her doctor. On October 29, 2012, Plaintiff was released to return to work by her doctor with restrictions, the use of an inhaler and nebulizer as needed. Scott refused to allow Plaintiff to return to work with her restrictions and Plaintiff was forced to pack her things and leave. Plaintiff consulted with her doctor who removed the restrictions so that Plaintiff could return to work, although Plaintiff still used her nebulizer and inhaler as needed. Plaintiff continued to have respiratory issues related to her disability, asthma and allergies, through the end of 2012 and into January 2013, being frequently out or frequently working in other buildings to avoid the dust created by work on the building. On January 10, 2013, Plaintiff, with a note from her doctor, requested to be moved from the Elberta Center to another facility due to the renovations as her doctor recommended that she be in a location with less dust exposure. Defendant refused to allow Plaintiff to move to another building citing concern about the appearance of the building being unsafe. After being continuously sick from January 2013 to March 2013, on March 25, 2013, Plaintiff was taken out of work for two weeks by her doctor due to her continued respiratory issues related to her disability, asthma and allergies. Plaintiff returned to work on April 10, 2013 and became ill again related to her disability, asthma and allergies. After Defendant's failure to allow Plaintiff to work in a separate location, Plaintiff

was forced to seek short term disability on May 14, 2013.

11.	In May 2013, Plaintiff met with Defendant's agent to discuss her position for the next school year.   Defendant's agent indicated that Plaintiff would be removed from the Child Find program and sent back into the classroom to teach. Plaintiff requested another open position within the Child Find program for which she was qualified as it would be housed in a different building the following year. Defendant did not place Plaintiff in that position and instead hired someone with less experience than Plaintiff to fill that position.

12.	Plaintiff was out on short term disability from May 14, 2013 until she was forced to either resign her position or retire on April 17, 2014 despite indicating that she intended to return to work in March 2013.

## IV.	CAUSES OF ACTION

### A.	COUNT ONE - SECTION 504 OF THE REHABILITATION ACT OF 1973 CLAIM AGAINST THE HOUSTON COUNTY BOARD OF EDUCATION

13.	Plaintiff realleges and incorporates by reference paragraphs 1-12 above with the same force and effect as if fully set out in specific detail herein below.

14.	Plaintiff is a person with a disability in that she has a physical impairment which substantially limits one or more of her major life activities.   42 U.S.C. § 12102.   Furthermore, she is a qualified individual with a disability in that she has a history of impairment and is perceived as having an impairment which substantially limits one or more major life activities in accordance with 42 U.S.C. § 12102.   As stated, Defendant is an employer in accordance with 42 U.S.C. § 12111(5), a public entity in accordance with 42 U.S.C. § 12131(1) and receives

federal financial assistance pursuant to § 504.

15. Despite Plaintiff's disability, she is able to perform the essential functions of the position of Early Intervention Specialist or similar available position.

16. Defendants intentionally, maliciously, and with reckless indifference have forced Plaintiff to not return to work because of her actual or perceived disability. Defendant has limited and classified Plaintiff in a manner which adversely affects her opportunities and status because of her actual or perceived disability.

17. Plaintiff seeks to redress the wrongs alleged herein in this suit for lost wages, an injunctive and a declaratory judgment. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

18. As a result of Defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

**B. COUNT TWO – 42 U.S.C. § 1983, TITLE I AND II OF THE AMERICANS WITH DISABILITIES ACT AGAINST HOUSTON COUNTY BOARD OF EDUCATION, DR. MARIANNE MELNICK IN HER OFFICIAL CAPACITY AND DR. MARK SCOTT IN HIS OFFICIAL CAPACITY**

19. Plaintiff realleges and incorporates by reference paragraphs 1-19 above with the same force and effect as if fully set out in specific detail herein below.

20. Plaintiff is a person with a disability, has a history of a disability, and is

perceived as disabled pursuant to 42 U.S.C. § 12102 and 29 U.S.C. § 706.  AS stated, Defendant is an employer in accordance with 42 U.S.C. § 12111(5), a public entity in accordance with 42 U.S.C. § 12131(1) and receives federal financial assistance pursuant to § 504.  At all times Melnick was acting in her official capacity as the Chairman of the Houston County Board of Education.  At all times Scott was acting in his official capacity as the Superintendent of Houston County Schools for the Houston County Board of Education.

21. Despite Plaintiff's disability or Defendants' perception of her disability, at all times she is and was qualified and able to perform the essential functions of the position of Early Intervention Specialist or similar available position.  29 U.S.C. § 794; 42 U.S.C. § 12132

22. Defendants intentionally, maliciously, and with reckless indifference terminated Plaintiff because of her actual or perceived disability or her record of a disability.

23. Plaintiff seeks to redress the wrongs alleged herein in this suit for injunctive and a declaratory judgment.  Plaintiff is not suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court and is seeking to be reinstated to her position as Early Intervention Specialist or similar available position.

24. As a result of Defendants' actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of

this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. and the Rehabilitation Act of 1973, § 504, 29 U.S.C. § 794.

2. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from continuing to violate the Act of Congress known as and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. and the Rehabiltiation Act of 1973, § 504, 29 U.S.C. § 794.

3. Enter an Order requiring Defendants to make Plaintiff whole by awarding her the position(s) she would have had occupied in the absence of disability discrimination, back-pay (plus interest), declaratory and injunctive relief, liquidated damages, compensatory and punitive damages, lost seniority, benefits, and lost pension.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

Respectfully submitted,

/s/ William Gregory Dobson, Esq.
William Gregory Dobson, Esq.
A. Danielle McBride, Esq.
Counsel for the Plaintiff

OF COUNSEL:

LOBER, DOBSON & DESAI, LLC
830 Mulberry Street
Suite 201- Robert E. Lee Building
Macon, Georgia 31201
(478) 745-7700
wgd@lddlawyers.com
admcbride@lddlawyers.com

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.

/s/ William Gregory Dobson, Esq.
Of Counsel

DEFENDANTS' ADDRESSES:

Houston County Board of Education
1100 Main Street
Perry, Georgia 31069

Dr. Marianne Melnick, Chairman
Houston County Board of Education
1100 Main Street
Perry, Georgia 31069

Dr. Mark Scott, Superintendent
Houston County Board of Education
1100 Main Street
Perry, Georgia 31069